# CHRIS DANIEL
## HARRIS COUNTY DISTRICT CLERK

DATE 6/3/2015

NOTICE OF APPEALS
ASSIGNMENT OF COURT OF APPEALS

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS

6/3/2015 10:39:32 AM
CHRISTOPHER A. PRINE
Clerk

TO:     1ST COURT OF APPEALS

From:    Deputy Clerk: MICHELLE LOPEZ
         Chris Daniel, District Clerk
         Harris County, T E X A S

**CAUSE:** 2012-24614

**VOLUME** _____ **PAGE** _____ **OR IMAGE #** 64594774

**DUE** 7/8/2015      **ATTORNEY** 24078622

**NOTICE OF APPEAL HAS BEEN ASSIGNED TO THE** 1ST

**DATE JUDGMENT SIGNED:** 3/10/2015

**MOTION FOR NEW TRIAL FILED** 4/6/2015

**REQUEST TRANSCRIPT DATE FILED** N/A

**NOTICE OF APPEAL DATE FILED** 6/2/2015

**NUMBER OF DAYS: ( CLERKS RECORD )** 120

**FILE ORDERED: YES** ☐ **NO** ☒ **IMAGED FILED: YES** ☒ **NO** ☐

**CODES FOR NOTICE OF APPEAL:** BC, C, O

CHRIS DANIEL
Harris County, District Clerk

By: /s/ MICHELLE LOPEZ
**MICHELLE LOPEZ, Deputy**

BC    NOTICE OF APPEAL FILED
BG    NOTICE OF APPEAL FILED – GOVERNMENT
C     JUDGMENT BEING APPEALED
D     ACCELERATED APPEAL
OA    NO CLERK'S RECORD REQUEST FILED
O     CLERK'S RECORD REQUEST FILED (W/NOTICE OF APPEAL)
NA    AMENDED NOTICE OF APPEAL

6/2/2015 12:58:29 PM
Chris Daniel - District Clerk Harris County
Envelope No. 5508727
By: Michelle Wojcik
Filed: 6/2/2015 12:58:29 PM

**CAUSE NO. 2012-24614**

| | | |
|---|---|---|
| **INOCENTE CEPEDA** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **ORION MARINE CONSTRUCTION,** | § | |
| **INC.** | § | **190th JUDICIAL DISTRICT** |

**INOCENTE CEPEDA'S NOTICE OF APPEAL**

Pursuant to Texas Rule of Appellate Procedure 25, Plaintiff, Inocente Cepeda gives notice

of his desire to appeal from the Final Judgment signed by this Court on March 10, 2015. The appeal

is taken to either the First or the Fourteenth Court of Appeals in Houston.

Respectfully submitted,

**STEVENSON & MURRAY**

By: _/s/ William Robert Hand_

**JEREMY NEWELL**
State Bar No. 24013230
**W. ROBERT HAND**
Texas Bar No. 24078622
Weslayan Tower, Suite 750
24 Greenway Plaza
Houston, Texas 77046-2416
(713) 622-3223
(713) 622-3224 (fax)

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on the 2nd day of June, 2015.

Daniel D. Pipitone
Ken Bullock
Munch Hardt Kopf & Harr, P.C.
Pennzoil Place
700 Milam Suite 2700
Houston, Texas 77002                    *E-File*


_/s/ William Robert Hand_
**WILLIAM ROBERT HAND**

## CAUSE NO. 2012-24614

| | | |
|---|---|---|
| INOCENTE CEPEDA | § | IN THE DISTRICT COURT FOR |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ORION MARINE CONSTRUCTION, INC. | § | 190TH JUDICIAL DISTRICT |

### FINAL JUDGMENT

On January 27, 2015, the Court called this case to trial. Plaintiff Inocente Cepeda appeared in person, along with counsel, and announced ready for trial. Defendant Orion Marine Construction, Inc. appeared through a corporate representative, along with counsel, and announced ready for trial.

After the Parties appeared and announced ready for trial, the Court impanelled and swore a Jury, which heard the evidence and arguments of counsel. In response to the Jury Charge, the Jury made findings that the Court received, filed and entered of record. The questions submitted to the Jury and the Jury's findings are attached as Exhibit A and incorporated herein fully by reference. In particular, the Jury found no negligence on the part of Defendant Orion Marine Construction, Inc. and awarded no damages to Plaintiff Inocente Cepeda.

Defendant Orion Marine Construction, Inc. subsequently filed a Motion for Entry of Judgment based upon the Jury's findings. All matters in controversy, legal and factual, were submitted to the Court for its determination. Having duly considered the Motion of Defendant Orion Marine Construction, Inc. for Entry of Judgment, the Court renders a take-nothing judgment in favor of Plaintiff Inocente Cepeda as against Defendant Orion Marine Construction, Inc. It is, therefore,

ORDERED, ADJUDGED AND DECREED that Plaintiff Inocente Cepeda take nothing as a result of his claims against Defendant Orion Marine Construction, Inc. It is further,

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging.

ORDERED, ADJUDGED AND DECREED that Defendant Orion Marine Construction, Inc. recover its costs of court from Plaintiff Inocente Cepeda.

This Final Judgment fully and finally disposes of all claims and all parties and is appealable. All relief not expressly provided herein is denied.

SIGNED this ___10___ day of ___March___ 2015.

_____
PRESIDING JUDGE

- 2 -

# EXHIBIT A

CAUSE NO. 2012-24614

| | | |
|---|---|---|
| INOCENTE CEPEDA | § | IN THE DISTRICT COURT |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| | § | |
| ORION MARINE CONSTRUCTION, INC. | § | 190th JUDICIAL DISTRICT |

## CHARGE OF THE COURT

Ladies & Gentlemen of the Jury:

After the closing arguments, you will go to the jury room to decide the case, answer the questions that are attached, and reach a verdict. You may discuss the case with other jurors only when you are all together in the jury room.

Remember my previous instructions: Do not discuss the case with anyone else, either in person or by any other means. Do not do any independent investigation about the case or conduct any research. Do not look up any words in dictionaries or on the Internet. Do not post information about the case on the Internet. Do not share any special knowledge or experiences with the other jurors. Do not use your phone or any other electronic device during your deliberations for any reason.

Any notes you have taken are for your own personal use. You may take your notes back into the jury room and consult them during deliberations, but do not show or read your notes to your fellow jurors during your deliberations. Your notes are not evidence. Each of you should rely on your independent recollection of the evidence and not be influenced by the fact that another juror has or has not taken notes.

You must leave your notes with the bailiff when you are not deliberating. The bailiff will give your notes to me promptly after collecting them from you. I will make sure your notes are kept in a safe, secure location and not disclosed to anyone. After you complete your deliberations, the bailiff will collect your notes. When you are released from jury duty, the bailiff will promptly destroy your notes so that nobody can read what you wrote.

Here are the instructions for answering the questions.

1. Do not let bias, prejudice, or sympathy play any part in your decision.

2. Base your answers only on the evidence admitted in court and on the law that is in these instructions and questions. Do not consider or discuss any evidence that was not admitted in the courtroom.

1

RECORDER'S MEMORANDUM
This instrument is of poor quality
at the time of imaging

CONFIRMED FILE DATE: 2/5/2015

Certified Document Number: 64122552 - Page 1 of 11

FILED
Chris Daniel
District Clerk
FEB 05 2015
Time:
Harris County, Texas
By_____ Deputy

3. You are to make up your own minds about the facts. You are the sole judges of the credibility of the witnesses and the weight to give their testimony. But on matters of law, you must follow all of my instructions.

4. If my instructions use a word in a way that is different from its ordinary meaning, use the meaning I give you, which will be a proper legal definition.

5. All the questions and answers are important. No one should say that any question or answer is not important.

6. Answer "yes" or "no" to all questions unless you are told otherwise. A "yes" answer must be based on a preponderance of the evidence unless you are told otherwise. Whenever a question requires an answer other than "yes" or "no," your answer must be based on a preponderance of the evidence unless you are told otherwise.

The term "preponderance of the evidence" means the greater weight of credible evidence presented in this case. If you do not find that a preponderance of the evidence supports a "yes" answer, then answer "no." A preponderance of the evidence is not measured by the number of witnesses or by the number of documents admitted in evidence. For a fact to be proved by a preponderance of the evidence, you must find that the fact is more likely true than not true. The Plaintiff Inocente Cepeda has the burden to prove by a preponderance of the evidence the elements of his claims of negligence and negligence per se. The Defendant Orion Marine Construction, Inc. has the burden to prove by a preponderance of the evidence its affirmative defenses of contributory negligence and mitigation.

7. Do not decide who you think should win before you answer the questions and then just answer the questions to match your decision. Answer each question carefully without considering who will win. Do not discuss or consider the effect your answers will have.

8. Do not answer questions by drawing straws or by any method of chance.

9. Some questions might ask you for a dollar amount. Do not agree in advance to decide on a dollar amount by adding up each juror's amount and then figuring the average.

10. Do not trade your answers. For example, do not say, "I will answer this question your way if you answer another question my way."

11. Unless otherwise instructed, the answers to the questions must be based on the decision of at least ten of the twelve jurors. The same ten jurors must agree on every answer. Do not agree to be bound by a vote of anything less than ten jurors, even if it would be a majority.

As I have said before, if you do not follow these instructions, you will be guilty of juror misconduct, and I might have to order a new trial and start this process over again. This would waste your time and the parties' money, and would require the taxpayers of this county to pay for another trial. If a juror breaks any of these rules, tell that person to stop and report it to me immediately.

2

## Additional Instructions and Definitions

**Plaintiff:**    Inocente Cepeda

**Defendant:**   Orion Marine Construction, Inc. also referred to as Orion Marine

### Circumstantial Evidence

A fact may be established by direct evidence or by circumstantial evidence or both. A fact is established by direct evidence when proved by documentary evidence or by witnesses who saw the act done or heard the words spoken. A fact is established by circumstantial evidence when it may be fairly and reasonably inferred from other facts proved.

### General Maritime Law

**"Negligence"**: Inocente Cepeda brings a claim against Orion Marine for negligence under the General Maritime Law. Negligence under the General Maritime Law is the doing of an act that is not within the bounds of ordinary care, that is, an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances. The occurrence of an accident, standing alone, does not mean that negligence on the part of anyone or anything caused the accident.

**"Ordinary care"** means that degree of care that would be used by a person of ordinary prudence under the same or similar circumstances. Both Inocente Cepeda and Orion Marine are held to the same ordinary care standard, meaning they must behave as reasonable people under similar circumstances.

The violation of a statute or administrative regulation constitutes negligence if such statute or regulation was designed to prevent injuries to a class of persons to which the plaintiff Inocente Cepeda belongs. This is known as "negligence *per se*".

A vessel operator's failure to maintain proper look-out by sight and hearing so as to avoid the risk of a collision is negligence *per se*. Negligence *per se* is also established if the vessel operator fails to proceed at a safe speed so that he or she can take proper and effective action to avoid a collision and be stopped within a distance appropriate to the prevailing circumstances and conditions.

**Contributory Negligence:**   Orion Marine contends that Inocente Cepeda was negligent, and that Inocente Cepeda's negligence caused or contributed to his injury. This is the defense of contributory negligence. If Inocente Cepeda's negligence contributed to his injury, he may still recover damages, but the amount will be reduced by the extent of his contributory negligence.

The same definitions of "Negligence" and "Ordinary Care" identified above apply to Contributory Negligence.

3

Certified Document Number: 64122552 - Page 3 of 11

If you find that Orion Marine was negligent, and that such negligence was a proximate cause of Inocente Cepeda's injury, but you also find that the occurrence was due partially to Inocente Cepeda's contributory negligence, then you must determine what percentage Inocente Cepeda's contributory negligence contributed to this occurrence. You will provide this information by filling in the appropriate blanks in the jury questions. Do not make any reduction in the amount of damages that you award to Inocente Cepeda, if any. It is my job to reduce any damages that you award by any percentage of contributory negligence that you assign to Inocente Cepeda.

## Causation

Not every injury that follows an incident necessarily results from it. The incident must be the cause of the injury. In a negligence claim under the general maritime law, Inocente Cepeda must show, not merely that the negligence was a cause of his injuries, but that such act or omission was a proximate cause of them. This means that Inocente Cepeda must show that the act or omission in question was a substantial factor in bringing about or actually causing his injuries, and that the injuries were either a direct result or a reasonably probable consequence of the act or omission. There may be more than one proximate cause.

## Damages

If you find that Orion Marine Construction, Inc. is liable, you must award the amount you find by a preponderance of the evidence is full and just compensation for all of Inocente Cepeda's damages.

Compensatory damages are not allowed as a punishment against a party. Such damages cannot be based on speculation, because compensatory damages must be actual damages to be recoverable. But compensatory damages are not restricted to out-of-pocket losses of money or lost time. Instead, compensatory damages may include mental and physical aspects of injury, tangible and intangible. Compensatory damages are intended to make Inocente Cepeda whole, or to restore him to the position he would have been in if the incident had not happened.

In determining compensatory damages, you should consider only the following elements, to the extent you find that Inocente Cepeda has established them by a preponderance of the evidence: past and future physical pain and suffering, including physical disability, impairment, and inconvenience, and the extent of Inocente Cepeda's injuries and inconvenience on the normal pursuits and pleasures of life; past and future mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment of Inocente Cepeda's earning capacity due to his physical condition; past medical expenses; and the reasonable value, not exceeding actual cost to Inocente Cepeda, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question.

If you find that Inocente Cepeda is entitled to an award of damages for loss of past or future earnings, there are two particular factors you must consider. First you should consider loss after income taxes; that is you should determine the actual or net income that Inocente Cepeda

4

has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award ~~the~~ Inocente Cepeda only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount that you award on this basis.

Second, an amount to cover a future loss of earnings is more valuable to Inocente Cepeda if he received the amount today than if he received the same amount in the future. If you decide to award Inocente Cepeda an amount for lost future earnings, you must discount that amount to present value by considering what return would be realized on a relatively risk free investment and deducting that amount from the gross future earning award.

However, some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, instead determining what amount that will fairly compensate Inocente Cepeda for his injuries.

**Mitigation of Damages:** A person who claims damages resulting from the wrongful act of another has a duty under the law to use reasonable diligence to mitigate — to avoid or minimize those damages.

If you find Orion Marine is liable and Cepeda has suffered damages, he may not recover for any item of damage which he could have avoided through reasonable effort. If you find by a preponderance of the evidence that Cepeda unreasonably failed to take advantage of an opportunity to lessen his damages, you should deny him recovery for those damages which he would have avoided had he taken advantage of the opportunity.

You are the sole judge of whether Cepeda acted reasonably in avoiding or minimizing his damages. An injured plaintiff may not sit idly by when presented with an opportunity to reduce his damages. However, he is not required to exercise unreasonable efforts or incur unreasonable expenses in mitigating the damages. Orion Marine has the burden of proving the damages which Cepeda could have mitigated. In deciding whether to reduce Cepeda's damages because of his failure to mitigate, you must weigh all the evidence in light of the particular circumstances of the case, using sound discretion in deciding whether the defendants have satisfied their burden of proving that the plaintiff's conduct was not reasonable.

5

Certified Document Number 64122552 - Page 5 of 11

## QUESTION NO. 1

Did the negligence, if any, of those named below proximately cause the occurrence in question?

A corporation acts through natural persons and is considered a person under the law. All persons, including individuals, corporations and other business entities stand as equals before the law.

When considering the negligence, if any, by Orion Marine Construction, Inc., consider the acts or omission of its agents, employees, representatives, or servants.

The occurrence in question is the incident, if any, during the transport of Inocente Cepeda on April 4, 2012 from the John C. Laquay Dredge to shore.

Answer "Yes" or "No" for each of the following:

ANSWER:

    a.    Orion Marine Construction, Inc.        __No__

    b.    Inocente Cepeda        __No__

6

Certified Document Number: 64122552 - Page 6 of 11

If you answered "Yes" to Question No. 1 for more than one of those named below, then answer the following Question. Otherwise, do not answer the following Question.

## QUESTION NO. 2

Assign percentages of responsibility only to those you found caused the occurrence. The percentages you find must total 100 percent. The percentages must be expressed in whole numbers. The percentage responsibility attributable to any one is not necessarily measured by the number of acts or omissions found. The percentage attributable to any one need not be the same percentage attributed to that one in answering another question.

For each person you found caused or contributed to the April 4, 2012 occurrence, if any, find the percentage of responsibility to each:

a. Orion Marine Construction, Inc. _____%

b. Inocente Cepeda _____%

Total _____100%_____

7

Certified Document Number: 64122552 - Page 7 of 11

Answer the following Question if you answered "Yes" for Orion Marine Construction, Inc. to Question No. 1. Otherwise, do not answer the following Question.

## QUESTION NO. 3

What sum of money, if paid now in cash, would fairly and reasonably compensate Inocente Cepeda for his injuries, if any, that resulted from the occurrence?

Consider the elements of damages listed below and none other. Consider each element separately. Do not award any sum of money on any element if you have otherwise, under some other element, awarded a sum of money for the same loss. That is, do not compensate twice for the same loss, if any. Do not include interest on any amount of damages you find.

Do not include any amount for any condition existing before the occurrence in question, except to the extent, if any, that such other condition was aggravated by any injures that resulted from the occurrence in question.

Answer separately, in dollars and cents, for damages, if any. Do not reduce the amounts, if any, in your answers because of the negligence, if any, of Inocente Cepeda. Any recovery will be determined by the court when it applies the law to your answers at the time of judgment.

a. Past physical pain and suffering including physical disability, impairment, and inconvenience, and the extent of Inocente Cepeda's injuries and inconvenience on the normal pursuits and pleasures of life.

ANSWER:          $_____

b. Future physical pain and suffering including physical disability, impairment, and inconvenience, and the extent of Inocente Cepeda's injuries and inconvenience on the normal pursuits and pleasures of life.

ANSWER:          $_____

c. Past mental anguish and feelings of economic insecurity caused by disability.

ANSWER:          $_____

d. Future mental anguish and feelings of economic insecurity caused by disability.

ANSWER:          $_____

8

Certified Document Number: 64122552 - Page 8 of 11

e. Income loss in the past.

ANSWER: $_____

f. Impairment of earning capacity or ability in the future, including impairment of Inocente Cepeda's earning capacity due to his physical condition.

ANSWER: $_____

g. Reasonable medical expenses in the past.

ANSWER: $_____

h. The reasonable value, not exceeding actual cost to Inocente Cepeda, of future medical care that will be reasonably certain to be required in the future.

ANSWER: $_____

9

Certified Document Number: 64122552 - Page 9 of 11

**Presiding Juror:**

1. When you go into the jury room to answer the questions, the first thing you will need to do is choose a presiding juror.

2. The presiding juror has these duties:

   a. have the complete charge read aloud if it will be helpful to your deliberations;
   b. preside over your deliberations, meaning manage the discussions, and see that you follow these instructions;
   c. give written questions or comments to the bailiff who will give them to the judge;
   d. write down the answers you agree on;
   e. get the signatures for the verdict certificate; and
   f. notify the bailiff that you have reached a verdict.

Do you understand the duties of the presiding juror? If you do not, please tell me now.

**Instructions for Signing the Verdict Certificate:**

1. Unless otherwise instruct ed you may answer the questions on a vote of 10 jurors. The same 10 jurors must agree on every answer in the charge. This means you may not have one group of 10 jurors agree on one answer and a different group of 10 jurors agree on another answer.

2. If 10 jurors agree on every answer, those 10 jurors sign the verdict.

   If 11 jurors agree on every answer, those 11 jurors sign the verdict.

   If all 12 of you agree on every answer, you are unanimous and only the presiding juror signs the verdict.

3. All jurors should deliberate on every question. You may end up with all 12 of you agreeing on some answers, while only 10 or 11 of you agree on other answers. But when you sign the verdict, only those 10 who agree on every answer will sign the verdict.

Do you understand these instructions? If you do not, please tell me now.

_____
JUDGE PRESIDING

10

Certified Document Number: 64122552 - Page 10 of 11

# Verdict Certificate

Check one:

_____ Our verdict is unanimous. All twelve (12) of us have agreed to each and every answer. The presiding juror has signed the certificate for all twelve (12) of us.

_____          _____
Signature of Presiding Juror          Printed Name of Presiding Juror

__X__ Our verdict is not unanimous. Eleven (11) of us have agreed to each and every answer and have signed the certificate below.

_____ Our verdict is not unanimous. Ten (10) of us have agreed to each and every answer and have signed the certificate below.

| | SIGNATURE | NAME PRINTED |
|---|---|---|
| 1. | *(signature)* | Philip Dort |
| 2. | *(signature)* | Peggy Rose |
| 3. | *(signature)* | Danny Bim |
| 4. | *(signature)* | Nancy Schmidt |
| 5. | *(signature)* | ALLAN EOWDRTHY |
| 6. | *(signature)* | Melissa Posada |
| 7. | *(signature)* | Adriene Adams-Shelby |
| 8. | *(signature)* | David Marsilia |
| 9. | *(signature)* | Lora L. Rainey |
| 10. | *(signature)* | David Baron |
| 11. | *(signature)* | Alta V. Mathews |

11

Certified Document Number: 64122552 - Page 11 of 11



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   February 20, 2015

Certified Document Number:        64122552 Total Pages: 11

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

CAUSE NO. 2012-24614

| | | |
|---|---|---|
| INOCENTE CEPEDA | § | IN THE DISTRICT COURT OF |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| ORION MARINE CONSTRUCTION, | § | |
| INC. | § | 190th JUDICIAL DISTRICT |

## PLAINTIFF'S MOTION FOR NEW TRIAL

1. Plaintiff, Inocente Cepeda, files his Motion for New Trial, pursuant to Tex. R. Civ. P. 320. Although not required to file a motion for new trial on Plaintiff's claims disposed through summary judgment, Plaintiff files this instant motion out of an abundance of caution. *See Lee v. Braeburn Valley Rec. Civil Ass'n,* 786 S.W.2d 262, 263 (Tex. 1990).

## INTRODUCTION

2. The Court should set aside its Final Judgment in this case and order a new trial because the Court erred when it granted Defendant's summary judgment motion that declared Plaintiff was not a Jones Act seaman as a matter of law. Sufficient evidence exists in the record that presents a material issue of fact regarding Plaintiff's seaman status at the time of the incident in question. The trial court erred when it refused to submit to the jury a question as to Plaintiff's status as a Jones Act seaman, refused to instruct the jury on Jones Act negligence, refused to submit a question on the unseaworthiness of Defendant's vessel, and refused to submit a question on Plaintiff's entitlement to maintenance and cure.

3. Plaintiff's Fifth Amended Original Petition asserted claims for Jones Act negligence, unseaworthiness, and failure to pay maintenance and cure. *See* Exhibit A.

4. On January 30, 2014, the Court granted Defendant's summary judgment motion as to Jones Act status disposing of Plaintiff's claims for Jones Act negligence, unseaworthiness and maintenance

and cure. *See* Exhibit B. On January 13, 2015, the Court denied Plaintiff's Motion to Reconsider the Court's Motion for Summary Judgment Ruling on Plaintiff's Status as a Jones Act Seaman. *See* Exhibit C. Plaintiff's live pleading alleges Plaintiff's status as a Jones Act seaman and alleges causes of action for Jones Act negligence, unseaworthiness and maintenance and cure against Defendant. Plaintiff requests through this Motion for New Trial that the Court set aside its Final Judgment in this case and order a new trial for these causes of action.

## EXHIBITS ATTACHED TO PLAINTIFF'S MOTION FOR NEW TRIAL

5. Plaintiff attaches to this motion the following exhibits and incorporates by reference each exhibit as if fully set forth:

| Exhibit A: | Plaintiff's Fifth Amended Original Petition and Request for Disclosure; |
| Exhibit B: | Order Granting Defendant's Traditional Motion for Partial Summary Judgment; |
| Exhibit C: | Order Denying Plaintiff's Motion to Reconsider Order Granting Motion for Partial Summary Judgment; |
| Exhibit D: | Plaintiff's Response to Defendant's Traditional Motion for Partial Summary Judgment; |
| Exhibit E: | Plaintiff's Sur-Reply to Defendant's Reply to Plaintiff's Response to Defendant's Traditional Motion for Partial Summary Judgment; |
| Exhibit F: | Plaintiff's Post-Hearing Brief on Defendant's Traditional Motion for Partial Summary Judgment; |
| Exhibit G: | Plaintiff's Motion to Reconsider Court's Motion for Summary Judgment Ruling on Plaintiff's Status as a Jones Act Seaman; |

2

Exhibit H: Order Granting Defendant's Objections to Plaintiff's Summary Judgment Evidence; and

Exhibit I: Plaintiff's Requested Definitions, Instructions, and Questions.

6. In addition, Plaintiff incorporates each of Plaintiff exhibits offered during trial, including exhibits introduced into evidence as well as exhibits presented during Plaintiff's offer of proof.

## ARGUMENT AND AUTHORITIES

**A.   The Court improperly refused to submit a question about Jones Act seaman status.**

7. An issue of material fact existed regarding Plaintiff's seaman status at the time of this incident on April 4, 2012. That issue should have been submitted to the jury. The Court erred when it granted summary judgment and refused to submit the fact question for the jury's resolution.

8. The evidence showed that Defendant employed Plaintiff when the subject incident occurred. Defendant's First Report of Injury characterized Plaintiff's injury as a workers' compensation injury and described the jurisdiction for Plaintiff's claim as arising under the Jones Act. *See* Exhibit D, attached hereto, at Exhibit 2. Further, Defendant continued to pay Plaintiff's wages through April 7, 2012 – three days after he left the dredge on April 4, 2012. The check issued on April 13, 2012 shows that Defendant paid for 32 hours of work for the period beginning on April 1, 2012 and ending on April 7, 2012. He also received holiday pay during that period equal to eight hours of time. According to the pay check stub introduced as evidence during trial as Plaintiff's Exhibit No. 3, Defendant paid Plaintiff a full week's pay totaling 40 hours.[1]

9. Plaintiff's injuries occurred while Defendant's employee, Jorge Cordova, transported

---

[1]Defendant claims that Plaintiff's pay for Good Friday was an accounting glitch. This is an assertion that may not have been accepted by the jury.

Plaintiff from the dredge where he worked to the dredge landing. As the Court heard throughout trial, Plaintiff remained under Defendant's care, custody, and control for the voyage from the dredge in the Houston Ship Channel to the landing. No other mode of transportation existed. Plaintiff relied exclusively on Defendant to provide safe transportation to and from his place of employment aboard the dredge. Plaintiff's only reason to be on the dredge was in service of the dredge for which Defendant paid Plaintiff a full day of wages.

10. Plaintiff presented substantial evidence of his status as a Jones Act seaman at the time of the incident. The Court improperly granted summary judgment and erred when it refused to submit this essential fact question to the jury at trial.

11. A trial court must submit even marginal Jones Act claims to the jury. The Fifth Circuit has cautioned that only in "rare circumstances" should the question of seaman status be determined as a matter of law, and "even marginal Jones Act claims" should be submitted to a Jury. *Sharp v. Wausau Ins. Co.*, 917 F.2d 885, 889 (5th Cir. 1990) (quoting *Bernard v. Binnings Constr. Co.*, 741 F.2d 824, 827 (5th Cir. 1984)). Further, the Fifth Circuit has recognized that water transportation to and from Plaintiff's vessel of employment is within the seaman's course and scope of employment. *See Vincent v. Harvey Well Service*, 441 F.2d 146, 149 (5th Cir. 1971).

12. A case decided by the First Circuit Court of Appeals, *LeBlanc v. B.G.T. Corp.*, 992 F.2d 394 (1st Cir.1993), bears a striking resemblance to the facts of this case. In that case, the First Circuit held a seaman's status does not necessarily end upon the termination of his employment, but rather a person may retain his seaman status "at least until he is afforded reasonable time and opportunity for disembarkation" *LeBlanc*, 992 F.2d at 399. As a result, the Court held that a seaman's right to maintenance and cure "may attach after termination of employment" as long as the injury occurs

4

"within the period of time reasonably needed" to wind up the seaman's employment. *Id.* at 400. The First Circuit's holding recognized that, even though the plaintiff had been told that he was terminated, his status as a seaman remained for a reasonable period of time until he could disembark from the vessel. The plaintiff's right to maintenance and cure continued for a reasonable time until he could exit his employer's care, custody, and control.

13. Plaintiff presented the exact same circumstances in this case. Defendant told Plaintiff that he was terminated, but he remained under his employer's care, custody, and control when the subject incident occurred. The *LeBlanc* court held that a fact question existed about the plaintiff's Jones Act seaman status. The Court erred when it granted summary judgment on Plaintiff's Jones Act status. The Court should have submitted the Jones Act seaman status question for the jury's determination. For this reason, a new trial should be granted.

14. A new trial also should be granted because the Court improperly sustained objections to Plaintiff's summary judgment evidence. *See* Exhibit H.

**B.      The Court improperly refused to submit a question on Plaintiff's maintenance and cure claim.**

15. When the Court granted summary judgment on Plaintiff's status as a Jones Act seaman, the Court deprived Plaintiff of his right to receive the benefits of maintenance and cure. A seaman's unique right to maintenance and cure compares to a Texas worker's right to workers' compensation benefits. When the Court granted summary judgment, it resulted in Defendant's failure to provide maintenance and cure benefits to Plaintiff. On the other hand, if the jury returned a favorable verdict on the issue of Plaintiff's seaman status, Plaintiff would have been entitled to a question on maintenance and cure damages.

16. The United States Supreme Court instructs that trial courts must liberally interpret the doctrine of maintenance and cure because it exists "for the benefit and protection of seaman who are its wards." *See Vaughan v. Atkinson,* 369 U.S. 527, 531 (1962). "The obligation to provide maintenance and the company duty to provide cure, i.e., medical cure, to an ill or injured seaman is "among the most ancient and pervasive of all the liabilities imposed on a ship owner." *Caulfield v. AC&D Marine, Inc.,* 633 F.2d 1129, 1131-32 (5th Cir. 1982). The doctrine of maintenance and cure arises from the employment relationship between Plaintiff and Defendant, not from any negligence or fault on the part of the vessel or the employer. *See Calmar S.S. Corp. v. Taylor,* 320 U.S. 525 (1938).

17. Regardless of any determination of fault in this case, Plaintiff would be entitled to maintenance and cure benefits where the jury determines Plaintiff was a seaman. Courts must treat seaman as its wards when determining the issue of maintenance and cure. This treatment necessarily includes when evaluating Plaintiff's status as a Jones Act seaman. Even if the jury returned a verdict in Defendant's favor on the issue of the negligence and unseaworthiness liability questions, a jury could have returned a verdict in Plaintiff's favor on the issue of maintenance and cure.

18. The Court erred when it granted summary judgment instead of submitting the seaman status question to the jury. For this reason, the Court should grant Plaintiff's Motion for New Trial.

**C.  The Court improperly refused to submit questions about Jones Act negligence and vessel unseaworthiness.**

19. A genuine issue of fact exits on Plaintiff's claim for seaman status. As a result, the Court improperly refused to submit questions to the jury on Plaintiff Jones Act negligence claim. The definitions and instructions for the Jones Act negligence claim differs materially from the general

maritime negligence question that the Court submitted. The Court's refusal to submit this issue to the jury warrants a new trial.

20. A different causation standard exists for negligence under the Jones Act compared to the general maritime law. The Fifth Circuit Pattern Jury Instruction for Jones Act negligence notes that:

> In a Jones Act claim, the word "negligence" is liberally interpreted. It includes any beach of duty that an employer owes to employees who are seamen, including the duty of providing for the safety of the crew. Under the Jones Act, if the employer's negligent act was the cause, in whole or part, of injury to a seaman employee, then you must find the employer liable under the Jones Act. In other words, under the Jones Act, Defendant bares the responsibility for any negligence that played a part, however slight, causing Plaintiff's injury.

The Fifth Circuit Pattern Jury Instructions were requested by Plaintiff to be included in the Charge to the Jury in this case, but were refused by the trial court. *See* Exhibit G, Plaintiff's Requested Jury Instructions, refused by the trial court. *See* Exhibit I.

21. Regardless of the Court's instruction on negligence, the trial court erred by failing to submit the issues of unseaworthiness. Plaintiff pleaded the cause of action of vessel unseaworthiness which only a seaman can claim. In this case, the Court failed to submit that issue of liability to the jury.

22. For these reasons, the Court should grant Plaintiff's Motion for New Trial.

## CONCLUSION AND PRAYER

23. For the reasons stated, Plaintiff respectfully requests that the Court set aside its Final Judgment and order a new trial. Plaintiff prays for such further relief, both at law and in equity, to which he may show himself justly entitled.

7

Respectfully submitted,

STEVENSON & MURRAY

By:    */s/ William Robert Hand*
       JEREMY NEWELL
       State Bar No. 24013230
       WILLIAM ROBERT HAND
       State Bar No. 24078622
       24 Greenway Plaza, Suite 750
       Houston, Texas 77046
       (713) 622-3223
       (713) 622-3224 (FAX)

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing has been forwarded to all counsel of record on April 6, 2015.

Daniel D. Pipitone
Ken Bullock
Munch Hardt Kopf & Harr, P.C.
Pennzoil Place
700 Milam Suite 2700
Houston, Texas 77002         *Facsimile: 713-222-1475*


      */s/ William Robert Hand*
      WILLIAM ROBERT HAND

8

```
JUC8H (NR4#)     JUSTICE INFORMATION MANAGEMENT SYSTEM      JUN 03, 2015(C1)
INT6510                   CIVIL CASE INTAKE               OPT: _____  -  INT
                       GENERAL PARTY INQUIRY             PAGE:   1  -    1

CASE NUM: 201224614__ PJN> __  TRANS NUM: _____ CURRENT COURT: 190 PUB? _
CASE TYPE: PERSONAL INJ (NON-AUTO)        CASE STATUS: CASE ON APPEAL
STYLE: INOCENTE CEPEDA                  VS ORION MARINE CONSTRUCTION
===============================================================================
                       **** INACTIVE PARTIES ****
  PJN   PER/CONN COC  BAR       PERSON NAME              PTY    ASSOC. ATTY
  NUM    NUMBER                                          STAT
_     00008-0001 MED 10593200 JAWORSKI, JOSEPH S.
_     00007-0001 AGT          KING FISHER MARINE SERVICE L P
_     00006-0001 AGT          ORION MARINE GROUP INC (A FORE
_     00005-0001 AGT          ORION MARINE CONSTRUCTION INC
_     00004-0001 DEF 16024600 KING FISHER MARINE SERVICE L P    PIPITONE, DAN
_     00003-0001 DEF 16024600 ORION MARINE GROUP INC        D   PIPITONE, DAN
_     00002-0001 DEF 16024600 ORION MARINE CONSTRUCTION         PIPITONE, DAN
_     00001-0001 PLT 24013230 INOCENTE CEPEDA                   NEWELL, JEREM

==> (8) CONNECTION(S) FOUND
1=ACTIVE      2=ATY. INQ.   3=ACT.ENTRY   4=ISS. SERV.  5=DOC. INQ.
6=CASE INQ.   7=BACKWARD    8=FORWARD     9=PTY. ADDR.  10=REFRESH   11=HELP
```